UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL CAMPBELL,

    Plaintiff,

vs                                      Case No: 08-11651
                                         Honorable Victoria A. Roberts

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## ORDER

**I.    INTRODUCTION AND PROCEDURAL HISTORY**

On April 18, 2008, Plaintiff Daniel Campbell brought an action under 42 U.S.C. §405(g) for judicial review of the Commissioner's final decision that Campbell was not entitled to Disability Insurance Benefits under Title II of the Social Security Act. The parties filed cross motions for summary judgment.

On June 19, 2009, the Magistrate Judge recommended the Court deny Campbell's motion for summary judgment, and grant Defendant's motion for summary judgment.

On August 27, 2009, the Court entered an Order Declining to Adopt the Magistrate Judge's recommendation. The Court remanded the case to the Commissioner for a more detailed explanation of why the opinions of Campbell's treating physician were not given controlling weight.

1

Before the Court is Campbell's "Petition for Attorney Fees and Expenses Under the Equal Access to Justice Act." (Doc. #25). Campbell seeks $6,520.00 in attorney fees and costs under 28 U.S.C. §2412(d)(1)(A).

Campbell's Petition is **DENIED.**

## II.     APPLICABLE LAW AND ANALYSIS

28 U.S.C. §2412(d)(1)(A) says:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . ., including proceedings for judicial review of agency action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

"The [Equal Access to Justice Act] provides that a court shall award fees and other expenses if (1) [Campell] is the 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award unjust." *Noble v. Barnhart*, 2007 WL 1217956 at **2 (6th Cir. April 25, 2007).

Defendant's position was substantially justified if it was "justified in substance or in the main - that is, justified to a degree that could satisfy a reasonable person." *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *see also Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) ("a position is substantially justified when it has a 'reasonable basis both in law and fact'") (quoting *Pierce*, 487 U.S. at 565).

The Court finds Defendant's position was substantially justified. First, the Magistrate Judge agreed with the Commissioner that Campbell should be denied

benefits. While "the fact that one other court agreed . . . with the Government does not establish whether its position was substantially justified," *Pierce*, 487 U.S. at 569, it lends credence to the Commissioner's position that a reasonable person could believe that the denial of benefits was correct.

Second, the Court did not reverse the Commissioner's decision and award benefits; it merely remanded the case so the Administrative Law Judge ("ALJ") could make a record that she considered the factors outlined in 20 C.F.R. §404.1527(d). The regulations require the ALJ to consider all the factors, and it was not clear that the ALJ did so.

Third, the Court rejected the majority of Campbell's arguments as to why the Commissioner's position was incorrect.

Finally, the Court's August 27, 2009 Order says the ALJ's determination may not change on remand.

### III.  CONCLUSION

Campbell's petition is **DENIED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  January 20, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 20, 2010.

s/Linda Vertriest
Deputy Clerk